9911

EVANS v. ATLANTIC COAST LINE R. R. CO.

(95 S. E. 335.)

1. APPEAL AND ERROR—REVERSAL—AMOUNT OF RECOVERY—TRIVIAL EXCESS.—An action to recover from a carrier for loss and statutory penalty for neglect to pay claim in due time, where the dispute was whether the refund for freight charges should be 11 cents or 15 cents, is a fit case to apply the maxim, *"De minimis non curat lex."*

2. CARRIER—LOSS OF GOODS—DELAYED PAYMENT—STATUTES—PENALTY. —While a statute providing a penalty for neglect of a carrier to pay a loss in due time is penal, yet it was enacted to meet a hurtful policy of delaying payment, and to that extent is remedial.

Before SPAIN, J., Florence, Spring term, 1917.   Affirmed.

Action by H. H. Evans against Atlantic Coast Line Railroad Company.   Judgment for plaintiff, and defendant appeals.

*Messrs. F. L. Willcox* and *McNeill & Oliver* and *Jas. M. Lynch,* for appellant.

*Mr. Philip H. Arrowsmith,* for respondent, cites: *As to right to recover penalty:* 83 S. C. 209; 18 A. & E. Ann. Cases 690.

February 23, 1918.

The opinion of the Court was delivered by Mr. Justice Gage.

Appeal from an order of the Circuit Court which affirmed a magistrate judgment for $5.04, the price of 51½ pounds of bacon, $4.89, and the freight charge of 15 cents collected on it, and $50 penalty for neglect to pay loss in due time. There was no dispute about the loss of the bacon or the price of it, and there was no excuse offered why the loss was not promptly paid. The appellant's only contention is that it was liable to refund, not 15 cents found by the magistrate for freight charge, but only 11 cents. The collection of a penalty is thus made to depend upon a failure of the recovery to come up to the amount claimed by 5 cents.

The freight bill only fixes at 21 cents the charge on 100 pounds of bacon. The proportionate charge on 51½ pounds of bacon would be $10.81. But the freight bill does not fix the charge for less quantity than the hundred. For such quantities no contract price for carrying was proven. It is manifest, therefore, that the magistrate was not limited to award 15 cents for the carriage of 51½ pounds of bacon. We think, moreover, that the plaintiff practically recovered the full amount claimed. It is a fit case to apply the maxim, *"De minimis non curat lex."*

It is true the statute is penal, but it was enacted to meet what had come to be a hurtful policy of delay in payment of claims, and to that extent the statute is also remedial.

It may look to the defendant like a hardship to mount a penalty of $50 on a recovery of about $5. But it may look to the plaintiff like a hardship to force him into a suit at law in three Courts over 5 cents.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur.

MR JUSTICE FRASER concurs in the result. The amount due is a matter of fact not within the jurisdiction of this Court. The statute says "full amount," and I do not think any amount is negligible.